■ In the Matter of CENTURY 21 METALIOS RENTAL REAL ESTATE, INC. THEODORE Z. METALIOS, Appellant; DAVID C. YORK, Respondent.—In consolidated proceedings pursuant to Business Corporation Law § 1104 (a) and § 1104-a for judicial dissolution of a closely-held corporation, Theodore Z. Metalios appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated June 11, 1990, which, *inter alia,* denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

"The appropriateness of an order of dissolution is in every case vested in the sound discretion of the court considering the application (see Business Corporation Law, § 1111, subd [a])" *(Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 73). Upon our review of the record in this case, we find that the Supreme Court properly denied the motion of Theodore Z. Metalios for summary judgment dissolving the corporation.

It is not clear from a reading of the shareholders' agreement as a whole that the parties had limited themselves solely to a dissolution of the corporation in a situation where the 51% shareholder allegedly locked out the 49% shareholder. Accordingly, David C. York, the minority shareholder herein, was not limited to the remedy of dissolution, but may be entitled to some other remedy, such as the buy-out requested here *(see, Matter of Kemp & Beatley [Gardstein], supra; Matter of Burack, Inc. [I. Burack, Inc.—Burn-Rite Valve Mfg. Corp.],* 137 AD2d 523; *Matter of Wiedy's Furniture Clearance Ctr. Co.,* 108 AD2d 81). We note that York's petition pursuant to Business Corporation Law § 1104-a requested either dissolution of the corporation or a buy-out of his shares by Metalios, the majority shareholder. Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.